January 12, 1993

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1038

UNITED STATES,

Appellee,

v.

ELLERTON P. WHITNEY, III,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, U.S. District Judge]

Before

Breyer, Chief Judge,

Aldrich, Senior Circuit Judge,

and Selya, Circuit Judge.

William A. Hahn, by Appointment of the Court, with whom Hahn &

Matkov was on brief for appellant.

Jeffrey S. Cahill, Special Assistant United States Attorney, with

whom Jeffrey R. Howard, United States Attorney, was on brief for

appellee.

Per Curiam. A jury convicted the appellant,

Ellerton Whitney, of four separate counts of defrauding a

bank, 18 U.S.C. 1344, and eight further separate counts of

making false statements on bank loan applications, 18 U.S.C.

1014. The court sentenced Whitney to serve three years

imprisonment. Whitney appeals both his conviction and his

sentence.

Whitney's basic claim, in respect to his

conviction, is that the government should not have charged

him with so many different counts, arising out of what were,

in essence, no more than three instances of related

activities -- activities consisting of (1) a series of false

statements that he made on applications for three separate

bank loans from different banks, and (2) the misuse of the

proceeds of one of these loans in violation of the

applicable loan agreement. See Blockburger v. United

States, 284 U.S. 299, 304 (1932) (double jeopardy violation

unless each offense charged requires proof of fact the other

does not require).

We cannot consider Whitney's multiplicity claims,

however, for he did not raise them before trial. Unless a

defendant raises these kinds of objection to the indictment

prior to trial (while time remains for the government to

rewrite the indictment to cure any such error), he waives

the objection. United States v. Faulhaber, 929 F.2d 16, 19

(1st Cir. 1991), citing United States v. Rodriguez, 858 F.2d

809, 816-17 (1st Cir. 1988).

There are no special circumstances here that would

warrant departing from this "waiver" rule. To the contrary,

holding Whitney to his waiver does not prejudice him

significantly. Whitney says that, in respect to each of his

three efforts to obtain money from a bank, the indictment

should have charged him, at most, with either a single

1014 count or a single 1344 count. Had the indictment

done so, however, his eventual sentence would not have

changed. The Sentencing Guidelines, in essence, treat

counts that cover closely related conduct as if they were a

single count. See U.S.S.G. 3D1.2 (closely related counts

grouped together if part of single transaction). And, the

maximum terms contained in the statutes here at issue would

have permitted a three-year sentence were Whitney correct in

his claims of count multiplicity. See 18 U.S.C. 1344

(thirty-year maximum); 18 U.S.C. 1014 (same).

Whitney also claims that the court committed

several errors at trial. He believes that the prosecutor

made improper comments in his opening and closing

-3-
3

statements; that a prosecution witness improperly gave an

opinion about a legal conclusion (about what constitutes

"fraud"); that the court improperly failed to give an

instruction about "specific intent" on the "false statement"

counts; that the court, not the jury, should have decided

whether the false statements were "material;" and that the

evidence showed different fraudulent loans than those

charged in the indictment. We cannot consider any of these

claims, however, for Whitney did not raise proper objections

at the time. He concedes that we can review these claimed

"errors" only to see if they are "plain" enough to have

required the judge to take corrective action despite the

failure of any party to call the problem to his attention at

the time. That is to say, we must ask whether or not they

amount to errors which constitute "manifest injustice."

See United States v. Santiago, 729 F.2d 38, 39 (1st Cir.

1984); United States v. Griffin, 818 F.2d 97, 100 (1st

Cir.), cert. denied, 484 U.S. 844 (1987) (plain errors are

"so shocking that they seriously affect the fundamental

fairness and basic integrity of the proceedings conducted").

After reviewing the record with this standard in mind, we

can find no such injustice.

-4-
4

Finally, Whitney argues that his sentence is

unlawful. He makes several claims, one of which the

Government concedes. The district court applied the "fraud

loss" guideline in effect in 1991, the time of the

sentencing hearing. Because of an amendment which became

effective November 1, 1989, the 1991 version of this

Guideline, U.S.S.G. 2F1.1(b), is more severe than the same

Guideline as it existed in March 1989, when Whitney

committed the crime. Hence, the court should have applied

the earlier, more lenient, Guideline. See United States v.

Harotunian, 920 F.2d 1040, 1041 (1st Cir. 1990). We must

therefore vacate Whitney's sentence and remand for re-

sentencing. Given the need for the new sentencing hearing,

we shall not consider Whitney's other sentence-related

claims. Rather, the district court shall sentence Whitney

afresh, permitting both him and the Government to make all

sentence-related claims and arguments de novo.

The judgment of conviction is

Affirmed.

The sentence is vacated and the case remanded for

a new sentencing proceeding.

-5-
5